NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-365

WAYNE J. PAIGE

vs.

TOWN OF ABINGTON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Wayne Paige, was a police officer employed by the town of Abington (town).  After Paige was demoted in 2015, his union filed a charge of prohibited practice with the Department of Labor Relations on his behalf, alleging that his demotion was in retaliation for his support of another police officer in a union election.  It is undisputed that on August 29, 2016, Paige signed a settlement agreement that included a comprehensive release and waiver of claims, including all claims under G. L. c. 149 and all claims at common law.  Paige then attempted to revoke the agreement under the Older Workers Benefit Protection Act's (OWBPA) (29 U.S.C. § 626[f]) amendments to the Age Discrimination in Employment Act (ADEA) (29 U.S.C. §§ 621-634).

In the proceedings below, Paige brought an action against the town for wrongful termination in violation of public policy, intentional infliction of emotional distress, and several violations of G. L. c. 149.  A Superior Court judge granted summary judgment to the town based on the primary grounds that the OWBPA does not preclude the waiver of non-ADEA claims in a settlement agreement.  See Stonkus v. Brockton Sch. Dep't, 322 F.3d 97, 103 (1st Cir. 2003).  Paige now appeals from the grant of summary judgment.  We affirm.

Paige's claims fall squarely within the bounds of the waiver he signed, and he makes no argument to the contrary.  Nor does he argue that the Superior Court judge erred in interpreting the OWBPA to apply only to claims that are based on the ADEA.[1]  Because his claims are plainly precluded by the earlier settlement agreement, we affirm the judgment dismissing

---

[1] Paige confines his appellate arguments to various fact-based assertions of untoward conduct by town officials.  We have no need to reach the merits of such allegations, or of the alternative grounds on which the Superior Court judge based his grant of summary judgment.

his complaint.

So ordered.

By the Court (Milkey, Blake &
  Sacks, JJ.[2]),

*Joseph F. Stanton*

Clerk

Entered:  October 13, 2023.

---

[2] The panelists are listed in order of seniority.